IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Glenn, Sr., ) | Civil Action No.: 2:12-cv-02901-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bruce H. Hendricks.[1] Plaintiff Michael Glenn, Sr., brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("the Act"). In her R&R, the Magistrate Judge recommends affirming the decision of the Commissioner.

### FACTUAL FINDINGS AND PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits and supplemental security income benefits on November 17, 2009, alleging a disability as of October 12, 2009. The applications were denied initially and on reconsideration. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on June 9, 2011, and Plaintiff appeared and testified. A vocational expert also testified. The ALJ issued a decision dated August 23, 2011, finding that Plaintiff was not disabled. The ALJ's overall findings were as follows:

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

1.  The claimant meets the insured status requirements of the Social Security Act through March 31, 2013.

2.  The claimant has not engaged in substantial gainful activity since October 12, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.  The claimant has the following severe impairments: disorders of the spine (20 CFR 404.1520(c) and 416.920(c)).

. . .

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

. . .

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a wide range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). More specifically, I find claimant can frequently lift or carry 10 pounds, occasionally lift or carry 20 pounds, sit for 6 hours of an 8-hour workday, and stand or walk for 2 hours of an 8-hour workday. I also find claimant can occasionally push and pull with the right lower extremity, balance, finger, feel, stoop, kneel, crouch, crawl, and climb ramps and stairs, and never perform overhead reaching bilaterally or climb ladders, ropes, and scaffolds. He can perform bilateral fingering and feeling occasionally. I further find claimant must avoid concentrated exposure to hazards.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

. . .

7.  The claimant was born on September 28, 1962 and was 47 years old, which is defined as a younger individual age 45–49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational

> Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> . . .
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from October 12, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 12–21.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review. On October 10, 2012, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 15, 16, 17, and the Magistrate Judge issued her Report and Recommendation ("R&R") on February 18, 2014, recommending that the Commissioner's decision be affirmed, R&R, ECF No. 19. Plaintiff filed timely objections to the R&R on March 7, 2014, Pl.'s Objs., ECF No. 20, and the Commissioner replied on March 12, 2014, Def.'s Reply, ECF No. 22.

#### STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence"

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review

4

when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## APPLICABLE LAW

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the

claimant's (1) "residual functional capacity," *id.* §§ 404.1560(a) & 416.960(a); (2) age, *id.* §§ 404.1563 & 416.963; (3) education, *id.* §§ 404.1564 & 416.964; (4) work experience, *id.* §§ 404.1565 & 416.965; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* §§ 404.1566 & 416.966.  If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1).  The interrelation between these vocational factors is governed by Appendix 2 of Subpart P.  Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

## ANALYSIS

The Magistrate Judge recommends affirming the Commissioner's final decision.  Her analysis in the R&R addressed each of the several issues raised by Plaintiff in his brief.  Despite all of the issues he raises on appeal, however, Plaintiff only objects to one portion of the Magistrate Judge's recommendation.  Specifically, Plaintiff contends that the Magistrate Judge erred in reporting that the ALJ's consideration of an anonymous letter when assessing Plaintiff's credibility did not merit remand.  Indeed, the Magistrate Judge acknowledged that the ALJ gave the letter "too much coverage" and that the discussion of it "seem[ed] entirely out of place." R&R 18.  But in the end, the Magistrate Judge noted that she "would not recommend remand for it, even as [she] did not

approve." *Id.* This Court, however, is not convinced that the letter did not improperly influence the ALJ's view.

The letter[2] at issue was hand-delivered by an anonymous "older woman." The ALJ recognized the unreliability of the letter, explaining that "such anonymous allegations . . . themselves . . . cannot be substantial evidence." Tr. 18. However, instead of giving the letter no weight, the ALJ concluded that it "weighs against the credibility of claimant's allegations and supports [his] residual functional capacity finding." *Id.* Based on the fact that the details in the letter strongly suggested that the writer knew Plaintiff intimately, the ALJ noted that it "reduce[d] the credibility of [Plaintiff's] allegations somewhat." *Id.* Moreover, he cited the fact that someone would write and personally deliver the letter as a basis for including it in the record. He ultimately gave the letter "very limited weight." *Id.*

While the Federal Rules of Evidence that routinely bind this Court are not applicable in hearings before an ALJ, the fundamental fairness required by due process does not give way to an ALJ's broad discretion. *McClees v. Sullivan*, 879 F.2d 451, 452 (8th Cir. 1989). The Supreme Court has long held that "[m]ere uncorroborated hearsay or rumor does not constitute substantial evidence." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 230 (1938). The Court has drawn a line between "reliable" and "probative" hearsay evidence, which is acceptable, and

---

[2] The ALJ described the letter as follows:

> An older woman also hand-delivered an unsigned statement concerning claimant to a Social Security office in June 2011. Therein, the woman asserted claimant only used a cane when he had doctor appointments, could sit for entire days, used "street drugs," visited with friends, did not take prescribed medication, and did odd jobs such as washing cars and cutting grass. The essence of the letter was that claimant was attempting to get benefits but was actually quite capable of working.

Tr. 18.

"material without a basis in evidence having rational probative force." *Richardson v. Perales*, 402 U.S. 389, 407–08 (internal quotation marks omitted).  Here, this Court is troubled by the ALJ's apparent recognition of what the Court finds is precisely the type of evidence disfavored in *Consolidated Edison*.  The ALJ's view that the statements "support [his] ultimate decision [because] they appear to be consistent with the longitudinal record and other observations," Tr. 18, is not tantamount to a finding that the statements were "cumulative," as the Commissioner suggests.  *Compare Moran v. Astrue*, No. 4:07-cv-73, 2008 WL 2705091, at *20–21 (D.N.D. July 8, 2008) (reversing a decision for, among other issues, giving an anonymous letter "little weight")*, with Derrig v. Chater*, 905 F. Supp. 584, 601–02 (N.D. Iowa 1995) (affirming a decision finding statements from an anonymous phone call cumulative); *see also Tuck v. Commissioner*, No. 07-12853-BC, 2008 WL 4404205, at 8 n.1 (E.D. Mich. Sept. 26, 2008) ("The ALJ's reliance on Dr. Thomas's evaluation of Plaintiff may raise due process concerns, as Dr. Thomas referred to the record of the anonymous phone call in Plaintiff's file at the same time he questioned Plaintiff's credibility.").  Nor can the taint from the letter's consideration be dispelled by a finding of harmless error—indeed, the ALJ gave the evidence *some* ("very little") weight. *Cf. Tibbetts v. Commissioner*, No. 1:12-cv-894, 2013 WL 5980457, at *10 n. 3 (S.D. Ohio Nov. 12, 2013) (noting that the ALJ gave "anonymous report from a third party, who apparently know [Plaintiff] well enough to know her social security number . . . no weight as it is anonymous").

Accordingly, the Court finds a remand is necessary for a new determination of Plaintiff's disability.  The Commissioner is ordered to conduct a credibility assessment of Plaintiff without giving any probative weight to the anonymous letter.  A *de novo* review of the other portions of the Magistrate Judge's R&R was not necessary by this Court because Plaintiff does not object to them.  As the Court finds no clear error in Magistrate Judge's analysis of those portions, the Commissioner

need not address them on remand—except to the extent those portions were affected by the anonymous letter.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, Defendant's reply to the objections, and applicable law.  For the foregoing reasons, the Court respectfully adopts the R&R in part and rejects it in part.  Accordingly, the Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g), and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 21, 2014